On the morning of defendants’ trial for violation of LSA-R.S. 40:966 the State filed its Answers to defendants’ Bill of Particulars and stated “No” to the following question:
Does the State have in its possession, custody, control or knowledge any results or reports or copies thereof of physical or mental examination and of scientific tests or experiments made in connection with or material to this case which the District Attorney intends for use at trial, or which is exculpatory in nature? If so, defendant moves to require the State to allow defendant to inspect and copy, photograph or otherwise reproduce the results or reports of examinations and tests.
After a preliminary hearing the Court found probable cause and the defendants waived their rights to a jury trial. Following testimony from the first witness, the State offered to file into evidence a crime lab report and the defense objected on the basis of the State’s negative answer to the above question. The Trial Judge sustained the objection and refused to allow the report into evidence. The State then moved to amend its Answer to the Bill of Particulars, the defense again objected, and the Trial Judge denied the attempt to amend.
The State requested a stay of the trial which was granted and this writ was filed. Based on the record we ordered the defendants to respond to the following:
How the defendants were prejudiced here where the State filed its Answers to the *1016 Bill of Particulars immediately prior to trial;
If the State acted in bad faith by answering “No” to Bill of Particular number V; If defendants’ counsel was asked to stipulate to the crime lab report prior to trial; How defendants would be prejudiced if the State was allowed to amend its Answer to the Bill of Particulars.
Defendants failed to respond to the show cause order.
Our determination is whether the trial court abused its discretion in applying the provisions of C.Cr.P. Art. 729.5 A which provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
We note the State’s Answers to the Bill of Particulars were filed immediately prior to trial. The State alleges, and the defendants do not deny, that before trial defense counsel was requested to stipulate to the crime lab report. If the State had admitted possession of the lab report and given a copy to the defendants just before trial, defendants would not have claimed prejudice. The fact that the State offered to stipulate to the report, minutes after supplying its Answers to the Bill of Particulars, certainly made known that a crime lab report existed. It also demonstrates the State acted in good faith and there was no attempt to withhold crucial information.
We feel the defendants have a burden to show they were prejudiced by what appears to be a simple typographical error in the State’s Answers. If the State had been allowed to amend its Answers the defendants’ trial strategy would not have been altered. The defendants were well aware of the charges against them and the State’s routine proof of the type of narcotic substance (identified in laboratory reports) is pro forma in criminal trials and anticipated by defense counsel.
The Trial Judge’s ruling the lab report inadmissible would effectively cause the dismissal of this case. Admittedly, prohibiting the introduction into evidence of subject matter not disclosed is within the sanctions of Article 729.5 A, supra. However, there is no evidence the State acted in bad faith. Further, the defendants would not have been prejudiced by receiving the crime lab report following the first witness’s testimony as opposed to immediately prior to trial. We are satisfied the Trial Judge abused his discretion in failing to allow the State to amend its Answer to V of defendants’ Bill of Particulars.
ACCORDINGLY, the writ is made peremptory. The State is allowed to amend its Answer to the defendants’ Bill of Particulars number V and is directed to provide a copy of the crime lab report to defendants without delay. The stay order issued November 24,1982 as to further proceedings is set aside and trial of this matter is to proceed accordingly.